**MOTORISTS MUTUAL INSURANCE COMPANY OF COLUMBUS, Plaintiff-Appellee v. CRABBE, SUPERINTENDENT OF INSURANCE, STATE OF OHIO, Defendant-Appellant**

Ohio Appeals, Second District, Franklin County

No. 3687. Decided January 13, 1944.

Wilbur E. Benoy, Columbus and Arthur Sebastian, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Attorney General, Columbus, and David M. Spriggs, Asst. Atty. Gen'l., Columbus, for defendant-appellant.

## OPINION

By BARNES, P. J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal from the judgment of the Common Pleas Court of Franklin County, Ohio.

The original proceeding arose before the defendant as Superintendent of Insurance. The plaintiff, during the months of July and August, had certified to the defendant that it had appointed three named individuals as agents for the transaction of its authorized business of insurance within the state of Ohio, for a term ending June 30, 1944, and duly requested that defendant proceed with the determination of the qualifications of said appointees as prescribed in §644 GC. Defendant Superintendent refused to conduct the examination for stated reasons and thereupon the plaintiff instituted an appeal as provided under §644 GC.

The above section providing for such appeal states that the same may be filed by any interested party within thirty days after such action by the Superintendent, and thereafter said cause shall proceed as a new civil action with the right of either party to submit evidence, etc., with right of review from the judgment of the Court of Common Pleas.

In furtherance of such appeal plaintiff filed a petition in which was set out in detail the procedural steps taken, the action of the superintendent, and such other factual questions as were essential to a determination of plaintiff's right. The petition also set out the communication from the Superintendent which apparently was the basis of the refusal to conduct the examination as prescribed under the above provision of the Code. The three individuals named who had been appointed as agents for the plaintiff company were not designated under one certificate, but under three separate certificates, dated respectively July 7, July 19 and August 4. The action on each was on a date so that the appeal brought all within the thirty day period prescribed for taking an appeal.

Defendant filed a special demurrer on two grounds, "(1) that there is a defect of parties plaintiff; (2) that several causes of action are improperly joined." This demurrer was overruled in the Common Pleas Court and the defendant, not desiring to plead further, judgment was entered for the plaintiff on the allegations of its petition. This is the final order from which notice of appeal was filed, thus lodging the case in our Court.

Appellant's assignments of errors are set out under three separately stated and numbered specifications as follows:

"(1)   The Court of Common Pleas erred in overruling the demurrer.

"(2) The Court of Common Pleas erred in holding that it was not necessary to join the persons appointed by the plaintiff-appellee as its agents as parties.

"(3)   The Court of Common Pleas erred in holding that the three causes of action could be joined in one petition."

It will be noted that the demurrers are special and no question seems to be raised as to the sufficiency of the petition, if it has been determined properly that the demurrers were not well grounded. In support of the first ground of demurrer, counsel for appellant argue that the three named appointees should be named as either parties plaintiff or defendant because they were interested and thereby necessary parties to the suit. Section 644 GC does not so provide, but specifically states that any interested party may appeal. Counsel for appellant in their brief admit that the plaintiff was an interested party, but nevertheless urge that the agents should have been included as parties plaintiff or defendant

under the general rules of civil procedure. We think that §644 GC is complete so far as the authorization of the appeal is concerned, and that the general rules of civil procedure will only be applicable wherein §644 GC, is incomplete and needs supplementing. Wherever this situation arises the general rule will lend its aid.

We find no error in the judgment of the Common Pleas Court overruling the first ground of demurrer.

The second ground of demurrer in effect urges that the ▮ incorporating in one petition of the separate refusals of the Superintendent to qualify the three individuals under three separate certificates would constitute a cause of action as to each and hence there are in effect three separate causes of action.

It is further argued that since §644 GC, provides that after the appeal is perfected from the order of the Superintendent the case shall proceed as a new civil action, that §11306 GC, is applicable. This is the section which provides what causes of action can be joined.

Counsel in their briefs very pronouncedly differ on the question as to whether or not §11306 is applicable. If this section is applicable, which is doubtful, we would then call attention to the provisions of paragraph (2), which reads as follows:

"2. Transactions connected with the same subject for action."

We see no reason why this subdivision of the section may not be given application in the instant case. The same question was raised as it related to the three individuals. The action was taken from the adverse ruling of the Superintendent within thirty days as to all. We can see no reason why three actions should be brought when one would suffice. This certainly is a rule of reason and we would desire to follow it unless specifically prohibited under the Code.

We can not so hold. Even if this ground of demurrer would be well founded, it would not be a ground for dismissal of plaintiff's action, but would require a separation into three distinct cases.

Finding no prejudicial error in the order and judgment of the Common Pleas Court, the same will be affirmed and costs in this Court taxed against the appellant.

Cause will be remanded for collection of costs and such further proceedings as required under the law.

Entry may be drawn accordingly.

HORNBECK and GEIGER, JJ., concur.